UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. John OsborneDocket Number: 05-cr-00536-EWN-01

**Petition to Modify Conditions of Supervised Release**

  COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of John Osborne who was placed on supervision by the Honorable Rodney Sippel sitting in the court at St. Louis, Missouri, on the 10th day of December, 1998, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate, as directed by the probation officer, in a drug or alcohol abuse treatment program which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, or in-patient treatment in a treatment center or hospital.

3. The defendant shall refrain from the use of alcohol and/or all intoxicants both during and after the course of treatment.

**On December 8, 2005, jurisdiction of this case was transferred to the District of Colorado from the Eastern District of Missouri.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendants conditions of supervised release to include a special condition requiring that: 4) The defendant will undergo an evaluation and ingest monitored Antabuse, if not medically contraindicated, until his period of supervision expires, or as directed by the probation officer. Further, that the defendant will be required to pay the costs of the evaluation and Antabuse, as directed by the probation officer.

    ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 11th day of September, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Thomas Meyer |
| | Thomas Meyer<br>Senior Probation Officer |
| s/ Edward W. Nottingham | |
| Edward W. Nottingham<br>U.S. District Judge | Place: Denver, Colorado |
| | Date: August 31, 2006 |

**ATTACHMENT**

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of supervised release, which were read and provided to the defendant on September 23, 2005, acknowledging that the conditions had been read and explained to him and that he had been given a copy of them. The term of supervised release commenced on September 23, 2005.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release.

During the period of supervised release, the defendant violated the terms of his conditions of supervision by use of cocaine, methamphetamine and marijuana, consumption of alcohol, and falsifying his monthly supervision report on one occasion.

On November 3, 2005, the defendant submitted a positive urine sample for cocaine. The defendant informed me on November 10, 2005, that he had used cocaine two to three times per week, beginning the week of September 30, 2005, until November 9, 2005. During this time frame, he purchased this drug on a weekly basis. Furthermore, he stated that he had also used methamphetamine on one occasion, namely on November 6, 2005, and marijuana on one occasion, namely on November 8, 2005. In response to these violations, I placed the defendant into weekly group counseling at Addiction Research and Treatment Services (ARTS) and increased the number of urine specimens collected from four samples per month to eight samples per month.

On June 14, 2006, the defendant provided a urine specimen that tested positive for cocaine. On June 26, 2006, the defendant told me that he had resumed use of both cocaine and methamphetamine shortly after May 18, 2006, when the frequency of his urine specimen collections were reduced. Specifically, he stated that he had purchased both cocaine and methamphetamine on a weekly basis and used both drugs one to two times per week, up until June 24, 2006. He also told me that he had falsified his monthly supervision report for the month of May 2006, when he indicated on that report that he had not used any illegal drugs that month. In response to these supervision violations, I increased the defendant's urine specimen collections back to eight samples per month and placed him back into weekly group counseling at ARTS to augment the individual counseling he was already receiving there.

On July 17, 2006, the defendant provided a positive urine specimen for methamphetamine. He informed me on August 1, 2006, that he had used methamphetamine on or about July 17, 2006, and had also consumed alcohol to the point of intoxication on that same date. He stated that his consumption of alcohol clouded his judgement which lead to his use of methamphetamine. The defendant stated that the taking of Antabuse would keep him from drinking alcohol and also may prevent him from using illegal drugs.

In response to the above substance abuse violations, I am going to place the defendant into a Residential Re-Entry Center (RRC) for a period of up to 120 days as per special condition number three. Furthermore, I am also seeking to modify the defendant's conditions of supervision to include a condition that would require the defendant to ingest monitored Antabuse, if not medically contraindicated, until his period of supervision expires, or as directed by the probation officer, and to pay the cost of the evaluation and Antabuse, as directed by the probation officer.

As was previously reported to the Court, the defendant was arrested by the Federal Heights, Colorado Police Department on January 25, 2006, and charged with 1) Harassment, 2) Criminal Mischief, and 3) Domestic Violence, all misdemeanor offenses. The defendant pleaded not guilty to that offense and on August 31, 2006, the case was dismissed in Adams County Court (Case No. 06M381).

Attached is a Waiver of Hearing to Modify Conditions of Supervised Release signed by his attorney, Richard Huttner, on August 3, 2006. Assistant United States Attorney James Allison has been consulted and has no objection to the proposed modification.