PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JOHN OSBORNE　　　　　　　　　　　　　　Docket Number: 05-cr-00536-EWN-01

**Petition Requesting Issuance of Summons on Supervised Release**

      COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of John Osborne who was placed on supervision by the Honorable Rodney Sippel sitting in the court at St. Louis, Missouri, on the 10th day of December 1998, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.　　The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

2.　　The defendant shall participate, as directed by the probation officer, in a drug or alcohol abuse treatment program which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, or in-patient treatment in a treatment center or hospital.

3.　　The defendant shall refrain from the use of alcohol and/or all intoxicants both during and after the course of treatment.

**On December 8, 2005, jurisdiction of this case was transferred to the District of Colorado from the Eastern District of Missouri.**

**On September 11, 2006, the following special condition was added:**

4.　　The defendant will undergo an evaluation and ingest monitored Antabuse, if not medically contraindicated, until his period of supervision expires, or as directed by the probation officer. Further, that the defendant will be required to pay the costs of the evaluation and Antabuse, as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for violations of supervised release.

      ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 25th day of January 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Thomas Meyer |
| | Thomas Meyer<br>Probation Officer |
| s/ Edward W. Nottingham | |
| Edward W. Nottingham<br>Chief U.S. District Judge | Place: Denver, Colorado |
| | Date: January 18, 2008 |

## ATTACHMENT

On September 23, 2005, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on September 23, 2005.

The defendant has committed the following violations of supervised release:

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about November 3, 2005, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On November 8, 2005, I received notification that the urine specimen collected from the defendant on November 3, 2005, tested positive for cocaine. On November 10, 2005, the defendant told me that he had used cocaine two to three times per week since the week of September 30, 2005, and had most recently used cocaine on November 9, 2005. He added that he purchased $30 - $40 worth of the drug on a weekly basis. The defendant also stated that he had used methamphetamine on one occasion, namely November 6, 2005, at a birthday party. The drug was given to him at no cost. Finally, he also reported that he had used marijuana on one occasion, namely November 8, 2005, when a work colleague provided it to him at no cost.

The defendant was referred to weekly substance abuse group counseling through Addiction Research and Treatment Services (ARTS) and the number of urine specimens collected was doubled from four per month to eight per month.

2. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER:**

On January 11, 2006, July 18, 2006, September 6, 2006, and September 20, 2006, the defendant failed to keep his counseling appointments at ARTS, the testing and treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 12, 2006, I received notification from ARTS that the defendant failed to attend the group counseling session scheduled for January 11, 2006, at 6:30 p.m. On January 25, 2006, the defendant stated that the reason he failed to attend his counseling session on January 11, 2006, was because he was busy moving to another residence that day.

On July 18, 2006, I received notification from ARTS that the defendant failed to attend the individual counseling session scheduled for July 18, 2006, at 4:00 p.m. The defendant was a no call/no show.

On September 7, 2006, I received notification from ARTS that the defendant failed to attend the group counseling session scheduled for September 6, 2006, at 6:30 p.m. The defendant subsequently indicated that he had been working late and had then been delayed by heavy traffic as he attempted to attend the counseling session.

On September 20, 2006, I received notification from ARTS that the defendant failed to attend the group counseling session scheduled for September 20, 2006, at 6:30 p.m. The defendant subsequently indicated on October 5, 2006, that he had used methamphetamine on September 20, 2006, and therefore did not attend group.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about June 14, 2006, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On June 20, 2006, I received notification that the urine specimen collected from the defendant on June 14, 2006, tested positive for cocaine. On June 26, 2006, the defendant told me that he resumed use of both cocaine and methamphetamine shortly after May 18, 2006, when the frequency of his urine specimen collections at ARTS was reduced and that he would time his use of these drugs in a manner that would make it less likely to be detected. The defendant stated that he had purchased both cocaine and methamphetamine on a weekly basis, spending $40 each time to purchase each of these two drugs. He used cocaine one to two times per week for a total of about ten times, most recently on June 14, 2006. The defendant also told me that he had falsified his monthly supervision report for the month of May 2006, when he indicated on that report that he had not used any illegal drugs that month.

In response to these violations, I increased the frequency of the defendant's urine specimen collections to eight samples per month and placed him back into weekly group counseling and also placed him into two hours of individual counseling at ARTS.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about June 26, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On June 30, 2006, I received notification that the urine specimen collected from the defendant on June 26, 2006, tested positive for methamphetamine. On June 26, 2006, during a conversation addressing an earlier positive urine specimen, the defendant told me that he resumed use of methamphetamine shortly after May 18, 2006. He stated that he had purchased methamphetamine on a weekly basis and used the drug one to two times per week, up until June 24, 2006.

In response to these violations, I increased the frequency of the defendant's urine specimen collections to eight samples per month and placed him back into weekly group counseling and also placed him into two hours of individual counseling at ARTS.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about July 17, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 24, 2006, I received notification that the urine specimen collected from the defendant on July 17, 2006, tested positive for methamphetamine. On August 1, 2006, the defendant informed me that he had snorted two lines of methamphetamine on or about July 17, 2006, which he obtained from a friend and had also consumed alcohol to the point of intoxication on that same date.

In response to these violations, the defendant's conditions of supervised release were modified by the Court on September 11, 2006, and the defendant was subsequently placed on Antabuse. I also requested placement of the defendant into the Independence House Residential Reentry Center (RRC) although placement there was not possible due to a separatee issue.

6. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER:**

On or about September 20, 2006, the defendant failed to submit a urine specimen as required at ARTS, the testing and treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 21, 2006, I received notification from ARTS that the defendant failed to provide a urine specimen there on September 20, 2006. The defendant subsequently informed me on October 5, 2006, that he had used methamphetamine on September 16, 2006, September 20, 2006, and September 21, 2006, thus the reason he did not go to ARTS to provide a urine specimen.

On October 5, 2006, the defendant's individual counseling was increased to weekly sessions and he was maintained in weekly substance abuse group counseling at Correctional Management, Incorporated (CMI) which took over the substance abuse testing/treatment contract from ARTS.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about September 16, 2006, September 20, 2006, and September 21, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 5, 2006, the defendant informed me that he had purchased and used $20 worth of methamphetamine on September 16, 2006. He further reported that he had purchased $40 worth of methamphetamine on September 20, 2006, and that he used the drug on that same date. Most recently, on September 21, 2006, he used the remainder of the supply of methamphetamine he had previously purchased.

In response, the number of urine specimens to be collected from the defendant was doubled from four to eight per month, and I increased the individual counseling sessions to weekly as well as maintained him in weekly group counseling.

8. **USE OF ALCOHOL:**

On or about September 16, 2006, September 20, 2006, and September 22, 2006, the defendant used alcohol, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 5, 2006, the defendant informed me that he had consumed alcohol on September 16, 2006, consisting of two vodka drinks, September 20, 2006, consisting of an unspecified amount of vodka, and September 22, 2006, consisting of two beers, despite his knowledge that his conditions of supervision prohibited him from consuming alcohol.

On October 5, 2006, the defendant's individual counseling was increased from biweekly to weekly sessions and he was maintained in weekly substance abuse group counseling. The defendant had already begun taking Antabuse on October 3, 2006.

9. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER:**

On or about January 7, 2007, the defendant failed to submit a urine specimen as required at CMI, the testing and treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On January 7, 2007, I received notification from CMI that the defendant failed to provide a urine specimen there on that same date. On January 8, 2007, the defendant informed me that he was confused as to when the CMI testing facility closed on weekends, thus had arrived approximately 25 minutes late.

10. **VIOLATION OF THE LAW:**

On or about February 19, 2007, the defendant committed the offense of False Statement to City Personnel in violation of Aurora Municipal Ordinance 94-381. This is a misdemeanor offense, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 20, 2007, an officer from the Aurora, Colorado Police Department was dispatched to an Aurora hospital in regard to a report that the defendant had been stabbed in the arm on February 19, 2007, by unknown assailants at an Aurora convenience store where he said he had gone to purchase cigarettes at about 11:30 p.m. The defendant further stated that upon his arrival at the store, he was accosted by three males who demanded his money as he exited his vehicle. The defendant reported that before he could do anything the males suddenly began to punch him in the body and face before they fled the scene. The defendant stated that he returned to his vehicle and passed out inside the vehicle. Upon awakening, he drove himself to the hospital for treatment.

Upon further investigation, it was determined that the defendant had lied to officers regarding the above incident and that his wife had been the one who stabbed him in the arm during a domestic disturbance. The defendant was charged with 1) False Report to Authorities and 2) False Statement to City Personnel, both misdemeanor offenses. On October 1, 2007, the defendant entered a plea of guilty to False Statement to City Personnel in Aurora Municipal Court (Case Number J18888). The defendant was fined $500 and assessed $74 in various court costs. The charge of False Report to Authorities was dismissed.

11. **USE OF ALCOHOL:**

From early March 2007, through April 4, 2007, the defendant used alcohol, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 2, 2007, I received notification from CMI that on April 1, 2007, the defendant had reported to CMI staff member Daniel Maes that the defendant had consumed alcohol over the weekend due to "family incidents". However, the breathalyser sample provided by the defendant on April 1, 2007, tested negative. On April 5, 2007, the defendant told me that he resumed consuming alcohol in early March 2007, after his two daughters were removed from the family home by the Arapahoe County Human Services Department following his wife's suicide attempt. He consumed alcohol on approximately ten occasions since then, most recently on April 4, 2007. He stated he consumed anywhere from one pint to one liter of alcohol per drinking occasion.

In response to this violation, the defendant was placed back on Antabuse. The defendant was also subsequently placed at the ComCor Residential Reentry Center (RRC) in Colorado Springs for a period of up to 120 days, which commenced April 20, 2007.

### 12. POSSESSION AND USE OF A CONTROLLED SUBSTANCE:

On or about March 25, 2007, April 1, 2007, and April 4, 2007, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 5, 2007, the defendant informed me that he had used methamphetamine on three occasions, March 25, 2007, April 1, 2007, and most recently on April 4, 2007. The drug was provided to him at no cost by a friend and was used in the defendant's residence on all three occasions.

The defendant was subsequently placed at the ComCor RRC in Colorado Springs, Colorado, for a period of up to 120 days which commenced on April 20, 2007. Previous attempts to place the defendant at the Independence House RRC were unsuccessful due to a separatee issue.

### 13. POSSESSION AND USE OF A CONTROLLED SUBSTANCE:

On or about March 26, 2007, and April 2, 2007, the defendant used or administered a controlled substance, marijuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 5, 2007, the defendant informed me that he had used marijuana on two occasions, March 26, 2007, and April 2, 2007. The drug was provided to him at no cost by a friend and was used in the defendant's residence on both occasions.

The defendant was subsequently placed at the ComCor RRC in Colorado Springs, Colorado for a period of up to 120 days, which commenced on April 20, 2007.

### 14. POSSESSION AND USE OF A CONTROLLED SUBSTANCE:

On or about April 14, 2007, and April 17, 2007, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 19, 2007, the defendant informed me that he had used methamphetamine on two occasions, April 14, 2007, and April 17, 2007 ( I did not receive any positive urine specimen results for illegal drugs on or around these two dates). The drug was provided to him at no cost by a friend.

The defendant began residing at the ComCor RRC in Colorado Springs on April 20, 2007.

### 15. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER:

On or about December 16, 2007, the defendant failed to submit a urine specimen as required at CMI, the testing and treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 16, 2007, I received notification from CMI that the defendant failed to provide a urine specimen there on that same date. A CMI staff member noted that the defendant was wearing a fake prosthetic device used to emit urine. When the staff member asked the defendant to unbutton/unzip his pants due to the technician's suspicion of the likelihood that the defendant was wearing such a device, the defendant responded by stating, "Please, I messed up this weekend and hung out with the wrong people and have no more chances." The defendant refused the staff member's request for the defendant to turn over the device and he departed the facility without providing a specimen.

On December 17, 2007, the defendant told me that he had purchased a fake prosthetic device for approximately $110 used to emit urine, which he attempted to use on December 16, 2007, without success. He stated he then threw away the device on that same date. He stated he had used crystal methamphetamine on December 15, 2007.

### 16. POSSESSION AND USE OF A CONTROLLED SUBSTANCE:

On or about December 15, 2007, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 17, 2007, the defendant informed me that he had used methamphetamine December 15, 2007, with a friend at her residence. He also consumed alcohol throughout the course of the same day.